IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 13 |
| WILLIE ANTHONY THOMAS, | CASE NO. 18-56239-LRC |
| Debtor. | |
| CARMAX AUTO FINANCE, | |
| Movant, | |
| v. | CONTESTED MATTER |
| WILLIE ANTHONY THOMAS, Debtor; and MELISSA J. DAVEY, Trustee, | |
| Respondents. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW Carmax Auto Finance (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On April 12, 2018, Willie Anthony Thomas ("Debtor") filed a *second* Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq. *in 2018*, and said case is presently pending before this Court. Debtor's prior Chapter 13 case, Case 18-54693-LRC, was filed March 19, 2018 and dismissed May 10, 2018 for failure to pay the filing fee.

2.

Movant has a net claim in this case in the approximate amount of $13,866.91 secured by a 2013 Buick Verano (the "Collateral").

3.

Debtor's Chapter 13 Plan proposes to pay Movant's secured claim of $13,866.91 at 5.50%, with $100.00 payments per month in pre-confirmation adequate protection and $125.00

in post-confirmation payments until November 2019, when payments will increase to $300.00. Payments will increase again beginning April 2020 to $415.00

4.

Debtor's proposed interest rate of only 5.50% is not *Till* compliant. It provides a risk factor of only 0.75% over *prime* rate. The prime rate of interest was 4.75% the month this case was filed. Given Debtor's history of default and failure to properly prosecute a prior bankruptcy case, *Till* suggests the appropriate risk factor in this case to be 9.00%. Accordingly, the plan cannot be confirmed without an interest rate of at least 9.00%.

5.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral. Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Debtor's plan proposes to pay $100.00 each month to Movant pre-confirmation and $125.00 each month post-confirmation before the first step increase beginning November 2019. During this time, Debtor's counsel is set to receive $200.00 each month. This is bad faith. Movant should receive no less than $215.00 per month in adequate protection payments prior to any step increases.

Any increase in pre-confirmation adequate protection payments prior to Confirmation needs to be made to have the effect of being retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount that will be enough to make up for the difference in adequate protection previously disbursed by the Trustee and what Movant is entitled to).

6.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proving all elements of confirmation, including the feasibility of this case and should be required to produce documents to support all income and expenses listed on Schedules I and J.

7.

The specific terms of the proposed plan itself are not proposed in good faith in violation of 11 U.S.C. §1325(a)(3).

8.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This May 25, 2018.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant

                By:  /s/Philip L. Rubin
                     Philip L. Rubin
                     Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 13 |
| WILLIE ANTHONY THOMAS | CASE NO. 18-56239-LRC |
| Debtor. | |
| CARMAX AUTO FINANCE, | |
| Movant, | |
| v. | CONTESTED MATTER |
| WILLIE ANTHONY THOMAS, Debtor; and MELISSA J. DAVEY, Trustee, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Willie Anthony Thomas
4646 Pine Acres Circle
Buford, GA 30518

Howard P Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Road, SE
Atlanta, GA 30339

Melissa J. Davey
Chapter 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

    This May 25, 2018.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
        Attorneys for Movant


        By:  /s/Philip L. Rubin
            Philip L. Rubin
            Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com